UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
02/05/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 1:24-cr- 19-SEB-MG |
| v. ) | |
| ) | |
| LESLIE M. SMITH, ) | |
| ) | |
| Defendant. ) | |

## INFORMATION

The United States Attorney charges that:

### General Allegations

At times material to the charges in this Information:

1. Medicaid was a government program that provided health insurance for certain individuals with limited income. It was jointly funded by state governments and the federal government, and was administered by the states according to federal requirements. Medicaid was a "health care benefit program," within the meaning of Title 18, United States Code, Section 24(b).

2. The State of Indiana contracted with Gainwell Technologies to manage several services for the Medicaid program, including provider enrollment, customer service, eligibility verification systems, and fee-for-service claim processing. For approved Medicaid claims, Gainwell Technologies disbursed payments, on behalf of the State of Indiana, to participating providers from an account at Fifth Third Bank.

3. BUSINESS 1 was a provider of durable medical equipment located in Indianapolis, Indiana. It was a participating provider with Medicaid in Indiana. PERSON 1 was the owner of BUSINESS 1.

4. LESLIE M. SMITH, the defendant herein, was employed as the Office Manager for BUSINESS 1. As the Office Manager, SMITH was generally responsible for submitting claims for reimbursement to Medicaid, on behalf of BUSINESS 1 and PERSON 1, and preparing individual income tax returns for PERSON 1.

5. SMITH and PERSON 2 jointly owned a residence located on Mallard View Lane, in Indianapolis, Indiana.

6. BUSINESS 2 was a property development company located in Indianapolis, Indiana.

7. Title Services LLC was a title services company located in Indianapolis, Indiana.

8. PERSON 3 was a relative of SMITH. PERSON 3 owned a residence located on Kessler Boulevard North Drive, in Indianapolis, Indiana, until PERSON 3's death, on or about April 27, 2020. SMITH resided in the Kessler Boulevard residence at various times in 2023.

9. Mr. Cooper was a mortgage lending and servicing business located in Dallas, Texas. Mr. Cooper banked at Wells Fargo Bank.

10. The Kessler Boulevard residence was encumbered by a mortgage that was serviced by Mr. Cooper.

11. The Indiana Homeowner Assistance Fund ("IHAF") was a federally funded housing assistance program administered by the State of Indiana for Indiana homeowners experiencing a financial hardship due to the Coronavirus Disease 2019 (COVID-19) pandemic. Homeowners must have experienced a loss in income or increase in living expenses as of a result

of the COVID-19 pandemic. The program provided monthly mortgage payment assistance and mortgage reinstatement assistance. Up to six months of monthly mortgage payment assistance were available for qualifying homeowners whose monthly mortgage payment was unaffordable based on their current household income. Mortgage reinstatement assistance was available for qualifying homeowners whose financial hardship caused, or contributed to, an accumulated mortgage delinquency that they were unable to pay. The maximum amount of assistance a household could receive was $50,000. Assistance was structured as a forgivable loan if the homeowner stayed in the home for five years. The IHAF made assistance payments directly to mortgage servicers from an account at JPMorgan Chase.

12. The computer network servers for Fifth Third Bank were located in Ohio.

13. The computer network servers for Regions Bank were located in Alabama.

14. The computer network servers for JPMorgan Chase were located in New York.

15. The computer network servers for Wells Fargo Bank were located in California.

16. Yahoo! Mail was a free email service provided by Yahoo Inc. The computer network servers for Yahoo Inc. were located outside Indiana.

17. SMITH maintained and used a Yahoo! Mail account.

### The Scheme to Defraud Medicaid

18. Without the knowledge or consent of PERSON 1, and between on or about July 3, 2020 and December 30, 2022, SMITH submitted approximately 288 false and fraudulent claims for reimbursement to Medicaid, on behalf of PERSON 1 and BUSINESS 1, for oximeter devices (non-invasive monitors that measured the oxygen saturation of blood). The claims were false and fraudulent because the oximeter devices were never purchased or provided to patients by PERSON 1 or BUSINESS 1.

19. Gainwell Technologies paid PERSON 1 and BUSINESS 1 approximately $559,197.67 on behalf of the State of Indiana, in connection with SMITH's false and fraudulent Medicaid claims. As alleged below, and as part of a separate scheme to defraud, SMITH personally received these Medicaid payments.

## The Scheme to Defraud BUSINESS 1 and PERSON 1

20. On or about September 2, 2014, and without the knowledge or consent of PERSON 1, SMITH changed the bank account that received payments for BUSINESS 1's Medicaid claims. Specifically, SMITH changed the account from BUSINESS 1's JPMorgan Chase business account to SMITH's Regions Bank personal account.

21. Between on or about September 2, 2014 and December 3, 2022, SMITH fraudulently received approximately $1,194,942.07 in Medicaid payments from Gainwell Technologies that were intended to be received by PERSON 1 and BUSINESS 1. Each payment caused interstate wire communications to take place.

22. As one example, on or about July 31, 2019, SMITH fraudulently caused Gainwell Technologies to deposit approximately $24,399.38 in Medicaid payments into her Regions Bank account.

## The Scheme to Defraud PERSON 2

23. On or about April 17, 2023, and without the knowledge or consent of PERSON 2, SMITH agreed to sell the Mallard View Lane residence to BUSINESS 2 for approximately $380,000.

24. On or about April 24, 2023, and without the knowledge or consent of PERSON 2, SMITH falsely and fraudulently prepared a Quitclaim Deed reflecting that PERSON 2 had agreed to convey PERSON 2's interest in the Mallard View Lane residence to SMITH. SMITH

forged the signature of PERSON 2 on the Quitclaim Deed. SMITH also forged the signature of and used a counterfeit stamp for a Notary Public on the Quitclaim Deed.

25. On or about May 3, 2023, SMITH caused the Quitclaim Deed to be recorded with the Marion County Recorder's Office, in Indianapolis, Indiana.

26. BUSINESS 2 contracted with Title Services LLC to provide title services for its purchase of the Mallard View Lane residence.

27. Between on or about April 22, 2023 and April 26, 2023, SMITH sent and received messages and documents to and from employees of Title Services LLC using her Yahoo! Mail account. These emails facilitated the closing process and caused interstate wire communications to take place.

28. As one example, on or about April 22, 2023, SMITH sent an email message with five documents attached thereto, including a Seller Split Proceeds Form, from her Yahoo! Mail account to an employee of Title Services LLC. In the email, SMITH stated that there would be "no split of funds," meaning that all proceeds from the sale of the residence should be conveyed to her.

29. On or about April 28, 2023, and without the knowledge or consent of PERSON 2, SMITH closed and finalized the sale of the Mallard View Lane residence to BUSINESS 2 for approximately $380,000. SMITH received approximately $347,948.79 in net proceeds from the sale.

<u>The Scheme to Defraud the Indiana Homeowner Assistance Fund</u>

30. On or about April 4, 2023, SMITH electronically submitted a false and fraudulent application to the IHAF for monthly mortgage payment assistance and mortgage reinstatement assistance for the Kessler Boulevard residence. In the application, SMITH falsely represented

5

that she was PERSON 3, and that PERSON 3 was "[s]ick and unable to work" due to the COVID-19 pandemic.

31. On or about June 8, 2023, SMITH's application for monthly mortgage payment assistance and mortgage reinstatement assistance was approved by the IHAF.

32. On or about June 7, 2023, SMITH was charged by Criminal Complaint with Health Care Fraud, in violation of 18 U.S.C. § 1347(a), in the United States District Court for the Southern District of Indiana, under Cause Number 1:23-mj-00446-KMB. On or about June 8, 2023, SMITH had her Initial Appearance before a United States Magistrate Judge and was ordered released pretrial on certain conditions, under 18 U.S.C. § 3142.

33. On or about June 13, 2023, SMITH forged the signature of PERSON 3 on certain documents, including a Promissory Note, a Closing Approval Form, and a Mortgage, in order to complete the application process and begin receiving assistance from the IHAF. On the Mortgage, SMITH also forged the signature of and used a counterfeit stamp for a Notary Public.

34. On or about June 20, 2023, the IHAF paid $6,696.83 to Mr. Cooper, as mortgage reinstatement assistance for PERSON 3's mortgage loan on the Kessler Boulevard residence. Also on or about June 20, 2023, the IHAF paid $1,091.72 to Mr. Cooper, as monthly mortgage payment assistance for PERSON 3's mortgage loan on the Kessler Boulevard residence. These payments caused interstate wire communications to take place.

Tax Evasion

35. For tax years 2018 through 2021, SMITH falsely and fraudulently included payments from Medicaid as income for PERSON 1 on PERSON 1's individual income tax returns. SMITH knew that PERSON 1 had not actually received the Medicaid payments.

SMITH falsified PERSON 1's income tax returns in order to conceal the income she had fraudulently received.

36. Additionally, for tax years 2018 through 2021, SMITH willfully failed to file federal income tax returns for herself, as required by law. In doing so, SMITH willfully failed to report approximately $1,299,179.01 in income.

### COUNT 1
### 18 U.S.C. § 1347(a)
### Health Care Fraud

37. Paragraphs 1 through 36 of this Information are incorporated herein.

38. Between on or about July 3, 2020 and December 30, 2022, within the Southern District of Indiana and elsewhere, LESLIE M. SMITH, the defendant herein, willfully and knowingly executed and attempted to execute a scheme and artifice to defraud a health care program, to wit: Medicaid, in connection with the delivery of and payment for health care benefits, items, and services, by submitting false and fraudulent claims for items not provided.

All of which is in violation of Title 18, United States Code, Section 1347(a).

### COUNT 2
### 18 U.S.C. § 1343
### Wire Fraud

39. Paragraphs 1 through 36 of this Information are incorporated herein.

40. On or about July 31, 2019, within the Southern District of Indiana and elsewhere, LESLIE M. SMITH, the defendant herein, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, to wit:

SMITH caused Gainwell Technologies to electronically deposit $24,399.38 in Medicaid payments into SMITH's account at Regions Bank, as part of SMITH's scheme to defraud BUSINESS 1 and PERSON 1.

All of which is in violation of Title 18, United States Code, Section 1343.

**COUNT 3**
**18 U.S.C. § 1343**
**Wire Fraud**

41. Paragraphs 1 through 36 of this Information are incorporated herein.

42. On or about April 22, 2023, within the Southern District of Indiana and elsewhere, LESLIE M. SMITH, the defendant herein, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, to wit: SMITH sent an email message, with five documents attached thereto, including a Seller Split Proceeds Form, from her Yahoo! Mail account to an employee of Title Services LLC, as part of SMITH's scheme to defraud PERSON 2 and her fraudulent sale of the Mallard View Lane residence.

All of which is in violation of Title 18, United States Code, Section 1343.

**COUNT 4**
**18 U.S.C. §§ 1343 and 3147(1)**
**Wire Fraud**

43. Paragraphs 1 through 36 of this Information are incorporated herein.

44. On or about June 21, 2023, within the Southern District of Indiana and elsewhere, LESLIE M. SMITH, the defendant herein, having been ordered released pretrial in the United

States District Court for the Southern District of Indiana, under Cause Number 1:23-mj-00446-KMB, pursuant to 18 U.S.C. § 3142, and having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, to wit: SMITH caused the Indiana Homeowner Assistance Fund to send an electronic payment of $6,696.83 to Mr. Cooper, as mortgage reinstatement assistance for PERSON 3's mortgage loan on the Kessler Boulevard residence, as part of SMITH's scheme to defraud the Indiana Homeowner Assistance Fund.

All of which is in violation of Title 18, United States Code, Sections 1343 and 3147(1).

## COUNT 5
## 26 U.S.C. § 7201
## Tax Evasion

45. Paragraphs 1 through 36 of this Information are incorporated herein.

46. During the calendar year 2018, LESLIE M. SMITH, the defendant herein, received taxable income, upon which there was income tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before April 15, 2019, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, the defendant, from on or about January 1, 2018 through on or about April 15, 2019, within the Southern District of Indiana and elsewhere, willfully attempted to evade and defeat income tax due and owing by her to the United States of America, for the calendar year 2018, by committing the following affirmative acts, among others: preparing and causing to be prepared, and causing to be signed, a false and fraudulent

Form 1040, U.S. Individual Income Tax Return, for PERSON 1, which was submitted to the Internal Revenue Service.

All of which is in violation of Title 26, United States Code, Section 7201.

## COUNT 6
## 26 U.S.C. § 7201
## Tax Evasion

47. Paragraphs 1 through 36 of this Information are incorporated herein.

48. During the calendar year 2019, LESLIE M. SMITH, the defendant herein, received taxable income, upon which there was income tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before July 15, 2020, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, the defendant, from on or about January 1, 2019 through on or about July 15, 2020, within the Southern District of Indiana and elsewhere, willfully attempted to evade and defeat income tax due and owing by her to the United States of America, for the calendar year 2019, by committing the following affirmative acts, among others: preparing and causing to be prepared, and causing to be signed, a false and fraudulent Form 1040, U.S. Individual Income Tax Return, for PERSON 1, which was submitted to the Internal Revenue Service.

All of which is in violation of Title 26, United States Code, Section 7201.

## COUNT 7
## 26 U.S.C. § 7201
## Tax Evasion

49. Paragraphs 1 through 36 of this Information are incorporated herein.

50. During the calendar year 2020, LESLIE M. SMITH, the defendant herein, received taxable income, upon which there was income tax due and owing to the United States of

America. Knowing the foregoing facts and failing to make an income tax return on or before May 17, 2021, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, the defendant, from on or about January 1, 2020 through on or about May 17, 2021, within the Southern District of Indiana and elsewhere, willfully attempted to evade and defeat income tax due and owing by her to the United States of America, for the calendar year 2020, by committing the following affirmative acts, among others: preparing and causing to be prepared, and causing to be signed, a false and fraudulent Form 1040, U.S. Individual Income Tax Return, for PERSON 1, which was submitted to the Internal Revenue Service.

All of which is in violation of Title 26, United States Code, Section 7201.

## COUNT 8
## 26 U.S.C. § 7201
## Tax Evasion

51. Paragraphs 1 through 36 of this Information are incorporated herein.

52. During the calendar year 2021, LESLIE M. SMITH, the defendant herein, received taxable income, upon which there was income tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before April 18, 2022, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, the defendant, from on or about January 1, 2021 through on or about April 18, 2022, within the Southern District of Indiana and elsewhere, willfully attempted to evade and defeat income tax due and owing by her to the United States of America, for the calendar year 2021, by committing the following affirmative acts, among others: preparing and causing to be prepared, and causing to be signed, a false and fraudulent

Form 1040, U.S. Individual Income Tax Return, for PERSON 1, which was submitted to the Internal Revenue Service.

All of which is in violation of Title 26, United States Code, Section 7201.

## FORFEITURE

1.      The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7).

2.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1347 set forth in Count 1of this Information, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

    a.      the real property located at 4377 Kessler Boulevard North Drive, Indianapolis, Indiana;

    b.      the real property described as Parcel 15954 Block 7 San Pedro Registration Section in West Caye, Belize;

    c.      the real property described as Parcel 15955 Block 7 San Pedro Registration Section in West Caye, Belize;

    d.      the real property described as Parcel 15956 Block 7 San Pedro Registration Section in West Caye, Belize;

    e.      the real property described as Parcel 15957 Block 7 San Pedro Registration Section in West Caye, Belize;

    f. a ring purchased from Patora Fine Jewelers in Indianapolis, Indiana, on or about January 29, 2021, for $6,000;

    g. a gray 2015 Land Rover Discovery Sport bearing VIN SALCR2BG7FH502631;

    h. all funds in Regions Bank account number 0158558462;

    i. all funds in Regions Bank account number 0155856128;

    j. all funds in Regions Bank account number 0123625597;

    k. all funds in Regions Bank account number 0253559711;

    l. all funds in E-Trade account number 3577-5060;

    m. all funds in E-Trade account number 4885-9670; and

    n. all funds in Interactive Brokers account number U4943760.

Further, upon conviction, the United States will seek an order of forfeiture in the form of a money judgment of approximately $559,197.67, representing the amount of proceeds the defendant obtained from Health Care Fraud as charged in Count 1 of this Information.

  3. The allegations contained in Counts 2 through 4 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

  4. Upon conviction of an offense in violation of Title 18, United States Code, Sections 1343, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

a. the real property located at 4377 Kessler Boulevard North Drive, Indianapolis, Indiana;

b. the real property described as Parcel 15954 Block 7 San Pedro Registration Section in West Caye, Belize;

c. the real property described as Parcel 15955 Block 7 San Pedro Registration Section in West Caye, Belize;

d. the real property described as Parcel 15956 Block 7 San Pedro Registration Section in West Caye, Belize;

e. the real property described as Parcel 15957 Block 7 San Pedro Registration Section in West Caye, Belize;

f. the real property described as Plat U Page 537 Lot 3 in Hancock County, Georgia;

g. a ring purchased from Patora Fine Jewelers in Indianapolis, Indiana, on or about January 29, 2021, for $6,000;

h. a pair of earrings purchased from Patora Fine Jewelers in Indianapolis, Indiana, on or about June 15, 2021, for $11,200;

i. a gray 2015 Land Rover Discovery Sport bearing VIN SALCR2BG7FH502631;

j. all funds in Regions Bank account number 0158558462;

k. all funds in Regions Bank account number 0155856128;

l. all funds in Regions Bank account number 0123625597;

m. all funds in Regions Bank account number 0253559711;

n. all funds in E-Trade account number 3577-5060;

o. all funds in E-Trade account number 4885-9670; and

p. all funds in Interactive Brokers account number U4943760.

Further, upon conviction, the United States will seek an order of forfeiture in the form of a money judgment of approximately $1,194,942.07, representing the amount of proceeds the defendant obtained from Wire Fraud as charged in Count 2 of this Information.

5. If any property subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c). In keeping with the foregoing, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of all forfeitable property.

ZACHARY A. MYERS
United States Attorney

Matthew B. Miller
Assistant United States Attorney

Todd S. Shellenbarger
Chief, Evansville Branch

15